IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| **Plaintiff,** | **Criminal No.** 16-CR-10215-RWZ |
| vs. | |
| **LUIS LOPEZ,** | |
| **Defendant.** | |

### GOVERNMENT'S SENTENCING MEMO

1.      Defendant Luis Lopez's ("Defendant") sentencing is currently scheduled before this Court on January 31, 2017.  The parties have entered into a Rule 11(c)(1)(C) disposition of 15 years of imprisonment to be followed by 5 years of supervised release.  In addition, Defendant has agreed to forfeit significant assets to the United States.  The Government hereby submits this brief sentencing memo asking the Court to impose the sentence as agreed upon in the plea agreement.

2.      It is difficult to underestimate the culpability of Defendant in this case.  Defendant was the leader of the Lopez Drug Trafficking Organization ("Lopez DTO"), and as the leader, Defendant imported large quantities of cocaine from Puerto Rico from 2010 essentially through the time of his arrest in June 2016.  After investigators began intercepting some of his cocaine packages, Defendant shifted to receiving even more dangerous drugs from California – acetylfentanyl and fentanyl – which he also sold in New Bedford and Fall River.  In addition, Defendant used his daughter to open a used car dealership in her name.  Defendant then laundered hundreds of thousands of dollars in drug proceeds through this used car dealership. Despite reporting just over $8,000 in income for 2012 through 2015, Defendant still managed to

amass three expensive properties and a number of luxury automobiles.  Defendant has agreed to

forfeit these properties, his vehicles, cash and other assets to the Government.

3.       This was not Defendant's first run in with the law.  Rather, Defendant is a career

offender with multiple prior convictions for trafficking heroin.  Indeed, Defendant's record

shows consistent arrests and convictions from 1993 up through the time of his most recent

release from state prison, which appears to be in 2008 or 2009.  Given the gravity of Defendant's

offense here as well as the criminal convictions which result in him being a career offender,

Defendant's sentencing guidelines range has been calculated to be 360 months to life.

4.       Despite the high sentencing guideline range, the Government believes that a

sentence of 180 months to be followed by 5 years of supervised release is fair and appropriate

here.  First, Defendant agreed to plead guilty almost right away.  Defendant has accepted

responsibility for his crimes and has not attempted to obstruct the Government's investigation.

Second, Defendant is currently 43 years old.  When Defendant is released from prison he will be

in his late 50s.  His chance of recidivism, while still present, will be dramatically lowered due to

Defendant's age.  Further, a supervised release term of 60 months will help ensure that

Defendant remains crime-free upon his release.

5.       Third, the assets that Defendant has agreed to forfeit are significant.  As the Court

is aware, the Government filed at Document 119 a motion for preliminary forfeiture of certain

properties and a motion for a money judgment.  The Government asks that forfeiture be orally

pronounced as part of the Defendant's sentence and be included in the judgment.  The properties

that Defendant has agreed to forfeit are worth well over $1,000,000, and will help ensure that

Defendant does not profit from his crimes.  Finally, although the crimes Defendant committed

were serious, the Government notes that throughout the lengthy wiretap investigation it did not

intercept any calls about firearms or violence, and the Government has no evidence that

Defendant engaged in violence as part of the instant offense.

6.      Accordingly, for these reasons, the Government asks that this Court to impose the

agreed upon sentence of 180 months in prison.


                                        Respectfully submitted,

                                        WILLIAM D. WEINREB
                                        Acting United States Attorney

                                        By:     */s/ Eric S. Rosen*
                                        ERIC S. ROSEN
                                        Assistant U.S. Attorney

Dated:  January 30, 2017

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon counsel of record by electronic filing notice.  United States Probation Officer Jennifer D. Broquist has been served by e-mail.

/s/ Eric S. Rosen
ERIC S. ROSEN
Assistant U.S. Attorney

Dated:  January 30, 2017

4