UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10215-RWZ |
| | ) | |
| 1.   LUIS LOPEZ, a/k/a "Juan Gonzalez," | ) | |
|       Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**ZOBEL, S.D.J.**

WHEREAS, on July 27, 2016, a federal grand jury sitting in the District of Massachusetts returned a six-count Indictment, charging defendant Luis Lopez (the "Defendant"), and others, with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One); Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Two); Conspiracy to Distribute and Possess With Intent to Distribute Heroin, Acetylfentanyl and Fentanyl, in violation of 21 U.S.C. § 846 (Count Three); and Possession With Intent to Distribute Acetylfentanyl and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Six);[1]

WHEREAS, the Indictment contained a Drug Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States would seek forfeiture, jointly and severally, and upon conviction of the Defendant of one or more of the offenses alleged in violation of 21 U.S.C. §§ 841 and 846, as set forth in Counts One and Three through Six of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, and the allegation

---

[1] The Defendant was not charged in the remaining counts of the Indictment.

identified assets directly forfeitable to the United States;

WHEREAS, the Indictment also contained a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Indictment, of any property, real or personal, involved in such offenses, and any property traceable to such property, and the allegation identified assets directly forfeitable to the United States;

WHEREAS, in addition, the forfeiture allegations of the Indictment also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), and pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property identified in the Indictment;

WHEREAS, on October 25, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Two, Three, and Six of the Indictment, pursuant to a written plea agreement signed by the Defendant on October 25, 2016;

WHEREAS, in Section 8 of the written plea agreement, the Defendant agreed that the assets to be forfeited specifically included, without limitation, the following:

    a.    the real property located at 1049 Main Road, Tiverton, Rhode Island, which is owned by Naji Properties, L.L.C., and legally described as: that certain lot or

        parcel of land, with the buildings and improvements thereon, situated in the Town of Tiverton, County of Newport, State of Rhode Island, more particularly described in a deed recorded at Book 1319, Page 50 at the County of Newport, Registry of Deeds;

b.      the real property located at 131 Touro Street, Providence, Rhode Island, which is owned by Nani Properties, L.L.C., and legally described as: that certain parcel of land, with all buildings and improvements thereon, situated on the westerly side of Touro Street in the City and County of Providence, State of Rhode Island, more particularly described in a deed recorded at Book 10845, Page 4 at the City of Providence, Registry of Deeds;

c.      the real property located at 15 Messina Street, Providence, Rhode Island, which is owned by Luis Lopez, and legally described as: that certain lots and parcels of land, together with all buildings and improvements thereon, situated in the City of Providence, State of Rhode Island, commonly described as 15 Messina Street and 16, 20, 24, and 28 Virginia Lane, and more particularly described in a deed recorded at Book 11282, Page 53 at the County of Providence, Registry of Deeds;

d.      $2,342.16 United States currency ($162,000 Russian rubles), seized on June 30, 2016;

e.      $2,500 in United States currency, seized on June 30, 2016;

f.      $11,508.32 in United States currency, seized in Fall River, Massachusetts, on June 30, 2016;

g.      One silver 2005 Nissan Titan, bearing vehicle identification number 1N6AA06BX5N510227;

h.      One black 2011 Infiniti QX56, bearing vehicle identification number JN8AZ2NE6B9006057;

i.      One green Kawasaki dirt bike KX450HF, bearing vehicle identification number JKAKXGHC8GA000242;

j.      One red, white, and blue 2006 Honda CBR1000RR motorcycle, bearing vehicle identification number JH2SC57096M205831;

k.      a forfeiture money judgment in the amount of $2,000,000 in United States currency;

l.      All vehicles owned by Hillside Auto Sales, located at 2389 South Main Street, Fall River, Massachusetts; and

3

      m.      All vehicles owned by Hillside Auto Sales, located at Manheim Auto Auctions, located at 123 Williams Street, North Dighton, Massachusetts (items (a) through (c), (g), (j), (l), and (m), collectively, the "Property");[2]

WHEREAS, in light of the Defendant's guilty plea and admissions in his written plea agreement, the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty, and accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982; and

WHEREAS, pursuant 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Property and the offenses to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of the Defendant's interests in the Property are hereby forfeited to the United States of America for disposition, pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 982(a)(1).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the

---

[2] Items (d), (e), (f), (h), and (i) have all been administratively forfeited by the United States Drug Enforcement Administration. Therefore, the United States no longer seeks to pursue judicial forfeiture of these assets.

United States is hereby authorized to seize the Property and maintain it in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Property.

6.      Pursuant to 21 U.S.C. § 853(n)(1), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C.

§ 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated:                                                         RYA W. ZOBEL
                                                                Senior United States District Judge